UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MURIEL VAN HORN AND MARK VAN HORN | CIVIL ACTION |
| VERSUS | NO. 17-12969 |
| CHUBB INSURANCE COMPANY, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is defendant Progressive Insurance Company's motion for judgment on the pleadings, on the ground that coverage for plaintiffs' injuries is excluded under the terms of its insurance policy.[1] Because the insurance coverage exclusion Progressive invokes does not apply to injuries sustained in the boating accident at the center of this litigation, the Court denies the motion.

## I. BACKGROUND

This case arises out of a boating accident on Lake Pontchartrain.[2] Plaintiff Muriel Van Horn served as a volunteer race official for a sailing regatta held on the lake.[3] On November 26, 2016, Ms. Van Horn boarded a

---

[1] R. Doc. 63.
[2] R. Doc. 35.
[3] *Id.* at 2 ¶¶ 2-3.

boat operated by defendant David Rubin, who was assigned to transport her to her official's position.[4]  According to the complaint, Rubin suddenly accelerated the vessel over the swells of Lake Pontchartrain, causing the boat to leave the water's surface, assume a nearly vertical position in the air, and slam back down onto the water.[5]  This incident allegedly caused Ms. Van Horn to fracture her right tibial plateau, requiring major surgery and continuing medical care.[6]

On November 21, 2017, Ms. Van Horn and her husband Mark Van Horn sued for damages under general maritime law and Louisiana law.[7]  Ms. Van Horn alleges that her injuries were caused by Rubin's negligence and by the negligence of the regatta organizers, the United States Optimist Dinghy Association, Inc. and the Southern Yacht Club.[8]  Mr. Van Horn asserts a claim for loss of consortium and society as a result of Ms. Van Horn's injuries.[9]  Progressive provided a boat and personal watercraft insurance policy to Rubin.[10]  Progressive now moves for a judgment on the pleadings on the ground that the liability insurance it issued to Rubin excludes

---

[4] *Id.* at 3 ¶ 7.
[5] *Id.* ¶¶ 8-9.
[6] *Id.* ¶ 9.
[7] R. Doc. 1.
[8] R. Doc. 35 at 4-6.
[9] *Id.* at 9 ¶ 36.
[10] *Id.* at 7-8 ¶ 30; R. Doc. 63-2.

coverage for any injuries sustained during the accident.[11] Rubin and plaintiffs have each filed briefs in opposition to Progressive's motion.[12]

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). It is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d

---

[11] R. Doc. 63.
[12] R. Doc. 65; R. Doc. 66.

3

228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

**III. DISCUSSION**

Both parties agree that Louisiana law governs the interpretation of Progressive's insurance policy. The Louisiana Civil Code sets forth the guiding principles for construing contracts in Louisiana. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007); *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). "Interpretation of a contract is the determination of the common intent of the parties." La. Civ.

Code art. 2045. Such intent is to be derived from the language of the contract itself. If that language is "clear and explicit and lead[s] to no absurd consequences, no further interpretation may be made in search of the parties' intent." *Id.* art. 2046. Words "must be given their generally prevailing meaning," and terms of art are interpreted as such only when a technical matter is at stake. *Id.* art. 2047. Furthermore, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Id.* art. 2045.

"Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured." *Garcia v. St. Bernard Par. Sch. Bd.*, 576 So. 2d 975, 976 (La. 1991); *see also* La. Civ. Code art. 2056 ("In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party."); *Arctic Slope Reg'l Corp. v. Affiliated FM Ins. Co.*, 564 F.3d 707, 709-10 (5th Cir. 2009) (ambiguities in insurance contracts are "to be construed against the insurer and in favor of coverage") (quoting *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 193 (La. 2008)).

Progressive argues that its insurance policy does not cover any injuries sustained in the accident because of an exclusion that exempts from coverage

> bodily injury or property damage resulting from, or sustained during practice or preparation for: (a) any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or (b) any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.[13]

Progressive specifically points to the language that exempts "bodily injury . . . sustained during . . . preparation for . . . any pre-arranged or organized racing . . . contest or activity."[14] Progressive argues that Ms. Van Horn's injuries were "sustained during . . . preparation" for a racing event because she was injured while being transported to her official's position for the regatta, an organized racing event.[15]

The Court finds that the exclusion does not apply to the injuries sustained in this accident. The first part of the provision excludes "bodily injury or property damage *resulting from*, or sustained during practice or preparation for . . . any pre-arranged or organized racing, stunting, speed, or demolition contest or activity."[16] The phrase "resulting from" applies the exclusion to damages caused by the acts listed. *See P.D. v. S.W.L.*, 993 So.

---

[13] R. Doc. 63-2 at 8.
[14] *Id.*; R. Doc. 63-1 at 2; R. Doc. 71 at 3.
[15] *Id.*
[16] R. Doc. 63-2 at 8 (emphasis added).

6

2d 240, 248 (La. App. 1 Cir. 2008) ("In determining the scope of policy provisions excluding coverage for damages 'arising' or 'resulting' from certain acts, the focus of the exclusion is on the cause of the damages . . ."). This part of the exclusion thus addresses bodily injuries that are caused by any pre-arranged or organized racing, stunting, speed, or demolition contest or activity. Ms. Van Horn's injuries were not "caused by" the regatta because she was not a participant in the race. In fact this exclusion would not even apply if Ms. Van Horn *had* been injured while participating in the sailing regatta. The insurance policy specifically provides that "[t]his exclusion does not apply to bodily injury or property damage resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest."[17] Progressive appears to concede this point because it does not base its argument on the provision's use of the phrase "resulting from."

Progressive instead focuses on the provision's language that expands the exclusion to include injuries that occur "during practice or preparation for" the activities identified in subsection (a).[18] But Progressive's argument that the word "preparation" includes injuries sustained by an event official

---

17 *Id.*
18 *Id.*

7

being transported to her position before the start of the race is an unwarranted expansion of the scope of the exclusion. "Preparation" must be read in connection with its surrounding terms under the principle of contractual interpretation that words listed together are presumably associated and must be read in tandem. *See, e.g.*, *Holloway Gravel Co. v. McKowen*, 9 So. 2d 228, 232-33 (La. 1942) (concluding that the phrase "mineral, oil and gas rights" did not include the rights to "sand and gravel" because the term "mineral" must be "confined to things" like "oil and gas"). The term "practice" in the context of this exclusion plainly means a party rehearsing the activity involved in a pre-arranged or organized racing, stunting, speed, or demolition contest or activity. *See Merriam-Webster Dictionary* Online (defining practice as "to perform or work at repeatedly so as to become proficient"). Both the term "practice" and the phrase "resulting from" therefore apply to injuries sustained while engaging in the type of activities involved in the pre-arranged or organized racing event. This conclusion makes sense because the activities listed in the exclusion are all significantly more dangerous than the typical operation of a boat, and practicing those activities involves similar risks.

The term "preparation" must be read in the context of the kind of risky activities that are the focus of the clause. Doing so shows that Progressive's

8

interpretation would significantly expand the scope of the exclusion beyond the contracting parties' clear intent, because it would exclude from coverage ordinary boating activity, like riding Ms. Van Horn in a motor boat on the lake. *See Holloway Gravel Co.*, 9 So. 2d at 232-33; *see also* La. Civ. Code art. 2051 ("Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include."). Neither the boat, nor Ms. Van Horn, was engaging in, preparing for, or practicing to participate in a pre-arranged or organized racing, stunting, speed, or demolition contest or activity. The Court thus finds that when viewing the exclusion as a whole, its plain terms indicate that the parties did not intend to exclude injuries sustained in this type of accident. *See Metro. Prop. & Cas. Ins. Co. v. Stevens*, No. 981813, 1999 WL 1203780, at *5 (Mass. Sup. Ct. Nov. 2, 1999) (finding that "the purpose" of a nearly identical automobile exclusion "was to protect insurance companies from situations where an automobile is not usually found and which present additional hazards and increased risk of loss for which the insurance company did not contract").

Even if the Court were to find that Progressive's interpretation is supported by the text of the exclusion, it would still deny Progressive's motion for separate reasons. First, Progressive's interpretation would not

9

supplant the Court's. Rather, that interpretation would at best render the exclusion ambiguous, and "equivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer." *Cadwallader*, 848 So. 2d at 580; *see also Garcia*, 576 So. 2d at 976; La. Civ. Code art. 2056. Second, the Court must not interpret the insurance contract in an "unreasonable" manner that "achieve[s] an absurd conclusion." *Cadwallader*, 848 So. 2d at 580; *see also* La. Civ. Code art. 2046. Progressive's interpretation leads to an absurd conclusion because it excludes from coverage an accident sustained during ordinary boating activity—like Ms. Van Horn's boat ride on the lake—simply because the accident occurred in the context of a racing event. But there is no reason why the parties would intentionally exclude from coverage injuries sustained during that scenario, while agreeing to cover injuries sustained during the same type of ordinary boating activity so long as it did not precede a racing event. The only reasonable interpretation of the provision is that the parties intended to exclude injuries sustained while a boat is used in the manner in which it is typically operated during a pre-arranged or organized racing, stunting, speed, or demolition contest, because such activity is inherently more dangerous than ordinary boating activity.

## IV. CONCLUSION

For the foregoing reasons, Progressive's motion for judgment on the pleadings is DENIED.

New Orleans, Louisiana, this __26th__ day of October, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE